NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0393n.06

No. 14-5771

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PENNIE ROSS, Individually, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jun 01, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FLUID ROUTING SOLUTIONS, INC., | ) | COURT FOR THE WESTERN |
| Foreign Corporation, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, BATCHELDER, and CLAY, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Plaintiff-Appellant Pennie Ross ("Ross") appeals the district court's order granting summary judgment to Defendant-Appellee Fluid Routing Solutions, Inc. ("FRS") in this diversity action alleging gender discrimination under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-401 *et seq.*; and retaliation under the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304, and Tennessee common law. We AFFIRM.

Ross had a very successful career at FRS in its Lexington, Tennessee facility, rising through the ranks from production employee to Human Resources Manager. She received consistently excellent performance reviews until Tim Parys became the plant manager and her immediate supervisor in early 2009. Parys and FRS eventually terminated Ross's employment in

June 2012.  Ross believes that she was terminated because Parys wanted a male in the position.  Ross also claims that she was retaliated against for reporting as part of her job duties numerous violations of state and federal employment laws.  FRS claims that it discharged Ross because (1) it was unhappy with her performance, (2) the responsibilities of the Human Resources Manager at Lexington were being restructured, and (3) it did not believe that Ross was capable of assuming the expanded duties.

On FRS's motion for summary judgment, the district court held that Ross established a prima facie case of gender discrimination under the THRA because she is in a protected class, was subjected to an adverse employment action when she was terminated, and was qualified for the position.  The court held that Ross failed to rebut the company's legitimate nondiscriminatory reasons for her discharge.  The court also held that Ross failed to create a genuine issue of fact as to whether her termination was in retaliation for engaging in protected activity under the THRA because the alleged events either were not protected activity or were not causally related to her discharge.  The TPPA and common law retaliatory discharge claims failed for similar reasons.  In addition, the court rejected other acts evidence in support of Ross's gender discrimination claim because the nonparty employees were not similarly situated to Ross.  Finally, the court rejected Ross's argument that the magistrate judge wrongfully denied her motions to compel discovery because Ross was not diligent in attempting to comply with the scheduling order and failed to show good cause for her untimely motions.  She appeals these rulings.

We have thoroughly reviewed the record, the applicable law, and the parties's arguments, and, like the district court, we cannot find evidence of illegal motives behind FRS's actions.  We therefore hold that the district court correctly concluded that Ross failed to meet her burden of

2

proof as to each of her claims for the reasons stated in its exhaustive order granting FRS's motion for summary judgment, and find nothing to add to its substantial ruling. We also hold that the district court did not abuse its discretion in denying Ross's motions to compel. We AFFIRM on the basis of the district court's March 17 and May 23, 2014 opinions. *See Ross v. Fluid Routing Solutions, Inc.*, No. 1:12-cv-01269-JDB-egb, 2014 WL 2168168 (W.D. Tenn. May 23, 2014).